for asserting his right to trial' " (*People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]), and there is no evidence in the record that the sentencing court was vindictive (*see Tannis*, 36 AD3d 635 [2007]). The sentence is not unduly harsh or severe. We have considered the remaining contentions of defendant in his main brief and conclude that they are without merit.

Finally, defendant failed to preserve for our review his contention in his pro se supplemental brief that the conviction is not supported by legally sufficient evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY SMITH, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [890 NYS2d 861]— Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

In the Matter of GIOVANNI K., an Infant. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAWN K., Appellant. [891 NYS2d 838]—

Memorandum: Respondent mother appeals from an order revoking a suspended judgment pursuant to Family Court Act § 633 and terminating her parental rights with respect to her son who is the subject of this proceeding. Contrary to the mother's contention, petitioner established by a preponderance of the evidence that the mother violated the terms and condi-